IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSE BROWN GRAVES,

    Petitioner,

v.                                   Civil Action No. 1:04CV50
                                             (STAMP)

FEDERAL BUREAU OF
PRISON COMMISSION,
HARLEY G. LAPPIN and
WARDEN B.A. BLEDSOE,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On March 18, 2004, the pro se petitioner, Jesse Brown Graves ("Graves"), filed an application for habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner's petition was referred to United States Magistrate Judge John S. Kaull pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. On March 22, 2005, Magistrate Judge Kaull filed a report and recommendation that Graves's petition be denied. The magistrate judge also informed the petitioner that if he objected to any portion of the recommendation, he must file written objections within ten days after being served with a copy of the recommendation. On April 8, 2005, Graves filed an objection to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. This Court has now made an independent de novo consideration of all the matters now before it and is of the opinion that the magistrate judge's report and recommendation should be adopted in its entirety.

## II. Facts

Petitioner Graves was indicted by a federal grand jury in the United States District Court for the Northern District of Georgia for bank robbery in violation of 18 U.S.C. § 2113(a). Following the petitioner's indictment, the United States filed an information for violation of 18 U.S.C. § 924(c) which enhances punishment for certain crimes committed by the use of a deadly or dangerous weapon. On April 17, 1996, the petitioner pleaded guilty to the information and was sentenced to 60-months imprisonment and 36-months of supervised release. As the magistrate judge noted in his report and recommendation, the petitioner's supervised release was revoked on February 26, 2002.

Following the imposition of the petitioner's sentence, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 which was subsequently denied. In addition, the petitioner filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. The petitioner contends that the New York court treated his motion as one filed pursuant to

28 U.S.C. § 2255 and transferred his case to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit ruled that the petitioner could not file a successive § 2255 motion and therefore the petitioner's motion was denied.

On March 18, 2004, the petitioner filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia. In this petition, the petitioner argues that the United States unlawfully filed an information charging the petitioner with violating 18 U.S.C. § 924(c) without presenting the matter to a grand jury. The petitioner also argues that he was not provided with real notice or due process of the nature of the charge to which he plead guilty. He contends that the information entered by the United States was for a more aggravated violation than that charged in the original indictment. The petitioner maintains that this "maneuver" created a "fundamental miscarriage of justice" for which § 2255 is inadequate. Finally, the petitioner argues that his sentence and conviction must be vacated pursuant to the doctrine of ex post facto.

### III. Discussion

In his report and recommendation, Magistrate Judge Kaull recommended that the petitioner's § 2241 motion be denied. As stated by the magistrate judge, a federal prisoner may seek relief under 28 U.S.C. § 2241 when 28 U.S.C. § 2255 is "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>In re Vial</u> 115 F.3d 1192, 1194 (4th Cir. 1997). As the Fourth Circuit determined in <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), § 2255 is inadequate and ineffective to test the legality of a conviction when (1) the conviction is legal under settled law at the time of the conviction; (2) substantive law changes so that the petitioner's previously illegal conduct is no longer criminal; (3) such change in substantive law occurs after the prisoner's direct appeal and first § 2255 motion; and (4) "the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." <u>Jones</u>, 226 F.3d at 333-34.

The magistrate judge correctly points out that <u>Bailey v. United States</u>, 516 U.S. 137, 143 (1995), was decided on December 6, 1995, and the petitioner was not even indicted until December 12, 1995. Therefore, there was no change in the substantive law following the petitioner's conviction and the petitioner does not meet the <u>Jones</u> requirements.

## V. <u>Conclusion</u>

Accordingly, this Court ACCEPTS and ADOPTS the report and recommendation of Magistrate Judge Kaull and the petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2241 is hereby DENIED. This case is hereby DISMISSED and STRICKEN from the active docket of this Court.

4

Should the petitioner choose to appeal the judgment of this Court to the Fourth Circuit Court of Appeals, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certificate, the petitioner may request a circuit judge of the Fourth Circuit Court of Appeals to issue such a certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 25, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE